Argued and submitted March 16, ballot title certified as modified April 15, 1999

Tim NESBITT,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S46043)

978 P2d 378

Steve Novick, Portland, argued the cause for petitioner. B. Carlton Grew, Salem, filed the petition.

Douglas Zier, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

## GILLETTE, J.

This is a ballot title review proceeding. Petitioner is an elector who submitted timely written comments on the draft ballot title, as provided in ORS 250.067(1). He therefore is entitled to seek this court's review. ORS 250.085(2). Petitioner asserts that three parts of the Attorney General's ballot title, *viz.*, the caption, "yes"-vote result statement, and summary, do not substantially comply with the requirements of law and must be modified. We agree with petitioner's assertion that the caption and "yes"-vote result statement are legally insufficient. We therefore modify the Attorney General's ballot title.

This case is best understood when placed in its historical context. In the 1998 general election, voters approved Ballot Measure 63. That measure amended the Oregon Constitution to require that, in all future elections for initiated or referred measures,

> "[a]ny measure that includes any proposed requirement for more than a majority of votes cast by the electorate to approve any change in law or government action shall become effective only if approved by at least the same percentage of voters specified in the proposed voting requirement."

The following explanation of the measure's purpose and function appeared in the measure itself: "The purpose of this section is to prevent greater-than-majority voting requirements from being imposed by only a majority of the voters." Put differently, if a measure proposes to create a so-called "supermajority" requirement for certain kinds of governmental actions, that measure itself must be approved by the same "supermajority" of voters.

The measure at issue in this case is designed to modify the effect of Ballot Measure 63. It would add the following provision to the Oregon Constitution:

> "Notwithstanding any provision of this Constitution which states that a measure which requires more than a majority of voters to approve a change of law or government action must be approved by at least that same percentage of voters, an amendment to this Constitution, which requires

two-thirds voter approval for most new or increased taxes and/or fees, shall be effective if approved by a majority of the voters voting in an election held on or after Nov. 7, 2000."

In other words, the proposed measure would permit a proposal to require a two-thirds majority to approve increases in taxes or fees to be added to the Oregon Constitution by a simple majority of voters.

The Attorney General certified the following ballot title:

"AMENDS CONSTITUTION: MAJORITY MAY PASS CONSTITUTIONAL AMENDMENT REQUIRING 2/3 VOTE ON TAXES

"RESULT OF 'YES' VOTE: 'Yes' vote eliminates 2/3 vote requirement to pass constitutional amendment requiring 2/3 vote on taxes.

"RESULT OF 'NO' VOTE: 'No' vote retains constitutional requirement that equal supermajority approve measures mandating supermajority approval for passage.

"SUMMARY: Amends constitution. In 1998, voters approved constitutional amendment requiring measures establishing greater-than-majority voter approval requirements to be passed by the same percentage specified in the proposed measure. For example, measures imposing a 2/3 voter approval requirement to adopt law require a 2/3 vote to pass. This measure would amend the constitution to allow simple majority of voters to adopt a constitutional amendment requiring 2/3 voter approval for most new or increased taxes and fees. Applies to elections on or after November 7, 2000."

As noted, petitioner challenges the ballot title's certified caption, "yes" result statement, and summary. Our task is to determine whether those parts of the Attorney General's certified ballot title substantially comply with statutory requirements. *See* ORS 250.035(2) (prescribing content of ballot title for statewide measure); ORS 250.085(5) (providing this court's standard of review).

■■ Petitioner first argues that the Attorney General's caption does not "reasonably identif[y] the subject matter of

the * * * measure," as ORS 250.035(2)(a) requires. The caption is inadequate in two separate ways, petitioner asserts: (1) it fails to use words such as "repeal," "override," or "eliminate," to highlight the fact that the proposed measure will repeal partially the constitutional rule adopted in Ballot Measure 63; and (2) it fails to mention "fees," although the proposed measure speaks of requiring a two-thirds voter majority "for most new or increased taxes *and/or fees*." (Emphasis added.)

We disagree with petitioner's first argument. The proposed measure affirmatively authorizes a simple majority of voters to approve particular kinds of constitutional amendments. It is accurate to say that the proposed measure is an amendment to, rather than a "repeal," "override," or "elimination" of, a part of the Oregon Constitution. Thus, the Attorney General's caption cannot be invalidated on that basis.

Petitioner's alternative argument, however, is well taken. The proposed measure addresses both "taxes" and "fees." The Attorney General's caption mentions only "taxes," thereby creating the impression that the measure is about taxes only. That is inaccurate and, therefore, the Attorney General's caption fails substantially to comply with the requirement of ORS 250.035(2)(a), if it is possible either to mention both taxes and fees within the 10-word limitation imposed on captions or, alternatively, to mention neither but instead use some other text that conveys more accurately the scope of the proposed measure.

■ We believe that the following caption cures the inadequacy of the Attorney General's caption: "AMENDS CONSTITUTION: SIMPLE MAJORITY MAY REQUIRE 2/3 VOTER APPROVAL REGARDING TAXES, FEES." That caption accurately and affirmatively describes what the proposed measure will do.

■ Petitioner next challenges the "yes" vote result statement on the ground, *inter alia*, that it does not mention "fees." For the reasons already expressed, we agree with petitioner that the statement does not substantially comply with the requirements of law—in this case, ORS 250.035(2)(b)—because it fails to mention fees. The following statement complies with the pertinent requirements: " 'Yes' vote eliminates

2/3 vote requirement for constitutional amendment requiring 2/3 vote on taxes, fees."

■    Finally, petitioner argues that the Attorney General's summary would "better" convey the effect of the measure, if adopted, if one sentence in the summary were modified slightly. An argument that the summary would be "better" is not an argument that the Attorney General's summary is legally insufficient. We decline to consider that argument further.

For the foregoing reasons, we modify the Attorney General's ballot title and certify the following ballot title to the Secretary of State:

AMENDS CONSTITUTION: SIMPLE MAJORITY
MAY REQUIRE 2/3 VOTER APPROVAL
REGARDING TAXES, FEES

RESULT OF "YES" VOTE:   "Yes" vote eliminates 2/3 vote requirement for constitutional amendment requiring 2/3 vote on taxes, fees.

RESULT OF "NO" VOTE:   "No" vote retains constitutional requirement that equal supermajority approve measures mandating supermajority approval for passage.

SUMMARY:   Amends constitution. In 1998, voters approved constitutional amendment requiring measures establishing greater-than-majority voter approval requirements to be passed by the same percentage specified in the proposed measure. For example, measures imposing a 2/3 voter approval requirement to adopt law require a 2/3 vote to pass. This measure would amend the constitution to allow simple majority of voters to adopt a constitutional amendment requiring 2/3 voter approval for most new or increased taxes and fees. Applies to elections on or after November 7, 2000.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).