Argued and submitted May 18, ballot title certified as modified July 9, 1999

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S46366)

James SAGER
and John Chase,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S46373)
(Consolidated for Argument and Opinion)

986 P2d 1

Margaret S. Olney, of Smith, Gamson, Diamond and Olney, Portland, argued the cause and filed the petition for petitioners Sager and Chase.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. Also on the memoranda were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem.

CARSON, C. J.

## CARSON, C. J.

In this consolidated proceeding, petitioners challenge the Attorney General's certified ballot title for a proposed initiative measure. Petitioners are electors who submitted timely written comments on the draft ballot title as provided by ORS 250.067(1) and, therefore, are entitled to seek this court's review of the certified ballot title. ORS 250.085(2).

Our task is to determine whether the Attorney General's certified ballot title complies substantially with the statutory requirements. *See* ORS 250.035(2) (prescribing content of ballot title for statewide measure); ORS 250.085(5) (prescribing standard of review). For the reasons that follow, we modify the Attorney General's ballot title and certify the modified title to the Secretary of State.

The proposed initiative measure would add a new section to Article I of the Oregon Constitution. The new section would require voter approval of most new or increased state and local government taxes, fees, and charges after November 7, 2000. It also would require the repeal and a refund of certain new or increased state and local government taxes, fees, and charges that had been enacted in the two years prior to the effective date of the measure, unless those taxes, fees, and charges are approved by the voters in a new vote.

The measure also would set a percentage requirement for voter approval of the taxes, fees, and charges to which it applies. That requirement is best understood when considered in its historical context. In 1998, the voters approved Ballot Measure 63. Or Const, Art II, § 23 (adopted by the people November 3, 1998). That measure requires that, in all future elections for initiated or referred measures,

"[a]ny measure that includes any proposed requirement for more than a majority of votes cast by the electorate to approve any change in law or government action shall become effective only if approved by at least the same percentage of voters specified in the proposed voting requirement."

In other words, if a measure proposes to require a super-majority, the measure itself must be approved by the same supermajority of voters. *See generally Nesbitt v. Myers*, 328 Or 400, 402, 978 P2d 378 (1999) (describing content of Ballot Measure 63).

In contrast to Ballot Measure 63, this proposed initiative measure ties the percentage needed to pass the subject new or increased taxes, fees, and charges to the percentage of voters that ultimately would pass this proposed measure. The pertinent wording from the proposed initiative measure provides as follows:

> "No new tax, fee, or charge shall be imposed, assessed or levied, and no existing tax, fee or charge shall be increased by the state or any local government or taxing district, unless * * * the new tax, fee, or charge, or increase thereof, is approved by not less than the percentage of participating voters who voted 'Yes' on this 2000 Amendment."

As a result of that provision, this proposed initiative measure leaves undetermined the percentage of voters required to pass such new and increased taxes, fees, and charges, but may result in requiring a supermajority—depending upon the actual passage rate of the measure and assuming that the measure indeed does pass. In short, the actual percentage required to pass the subject taxes, fees, and charges will not be known until the election on this proposed initiative measure.

The Attorney General certified the following ballot title for the proposed initiative measure:

"AMENDS CONSTITUTION:
REQUIRES VOTER APPROVAL OF MOST NEW
AND INCREASED TAXES, FEES

"RESULT OF 'YES' VOTE: 'Yes' vote requires voter approval of most new, increased taxes, fees; may repeal recent increases.

"RESULT OF 'NO' VOTE: 'No' vote rejects requiring voter approval of most new, increased taxes, fees; maintains recent increases.

"SUMMARY: Amends Constitution. Currently voters approve taxes by majority vote; not all new, increased

taxes, fees require voter approval. Measure requires voter approval after November 7, 2000 of most new, increased taxes, fees by same percentage of voters passing this measure. Repeals or requires new vote on certain recent tax increases. Exempts some charges, bonded indebtedness, public safety levies from new approval requirement. Allows certain tax, fee increases without public vote in limited circumstances. Establishes standards for taxpayer challenge, judicial review of tax measures. Other changes."

Petitioner Novick challenges the caption and the result statements. Petitioners Chase and Sager challenge the caption, the result statements, and the summary. We address their challenges below.

## CAPTION

The caption reasonably must identify the subject matter of the proposed initiative measure in not more than 10 words. ORS 250.035(2)(a). Petitioners argue that the proposed initiative measure has two separate subject matters: (1) requiring voter approval of new or increased taxes and fees; and (2) establishing a percentage by which new taxes and fees must be approved. Petitioners contend that the caption is inadequate because it leaves out the latter subject. In petitioners' view, the fact that the voter-approval rate likely would change from a simple majority to a "supermajority" is part of the "subject matter" of the proposed initiative measure, and, therefore, it must be included in the caption.

We agree with petitioners. The "subject matter" of a proposed measure may not be reducible to a single phrase; two or more phrases may be required. *See, e.g.*, *Baker v. Keisling*, 312 Or 385, 391, 822 P2d 1162 (1991); *Doell v. Myers*, 328 Or 635, 639, 984 P2d 266 (1999) (both illustrating concept). The likely change in the voter-approval margin requirements set out in this proposed initiative measure is an important part of the subject matter of the measure. Because the Attorney General's caption mentions only voter approval of new and increased taxes and fees, it fails to comply substantially with the requirements of ORS 250.035(2)(a). We modify the Attorney General's caption as follows:

AMENDS CONSTITUTION:
VOTERS MUST APPROVE MOST TAXES, FEES;
REQUIRES CERTAIN APPROVAL PERCENTAGE

## RESULT STATEMENTS

■ The "yes" result statement must identify "the result if the state measure is approved" in not more than 15 words. ORS 250.035(2)(b). Petitioners contend that the Attorney General's "yes" statement is underinclusive, because it does not address the potential requirement of a new voter-approval margin. For the reasons already expressed, we agree that the "yes" statement should address the voter-approval margin set out in the proposed initiative measure. Because the "yes" statement does not address the voter-approval margin, we conclude that the "yes" statement fails to comply substantially with ORS 250.035(2)(b). We therefore modify the "yes" statement as follows:

> RESULT OF "YES" VOTE: "Yes" vote means voters approve taxes, fees by certain approval percentage; may repeal recent increases.

Petitioners also object to the "no" result statement. The "no" statement must identify "the result if the state measure is rejected" in not more than 15 words. ORS 250.035(2)(c). The result statements also must be written, if possible, in such a way that the wording of the "yes" and "no" statements is "parallel." ORS 250.035(3). Petitioners contend that the "no" statement is misleading and does not convey to voters meaningful information on the existing status of the law. Petitioners Sager and Chase also contend that the "no" result statement should focus voter attention upon the primary purpose of the proposed initiative measure, which is to change the rules—including the voter-approval margin—for approving new and increased taxes and fees.

■ The certified "no" statement omits the potential change regarding the required voter-approval margin. Therefore, we conclude that the "no" result statement fails to comply substantially with ORS 250.035(2)(c). We certify instead the following "no" result statement:

RESULT OF "NO" VOTE: "No" vote retains current rules for approving, increasing taxes, fees; maintains previously approved taxes, fees.

## SUMMARY

■ The summary must summarize the proposed initiative measure and its major effect. ORS 250.035(2)(d). Petitioners Sager and Chase assert that the summary is inadequate in two ways: (1) it fails to use a word such as "prohibit" to highlight that the proposed initiative measure would prohibit new or increased taxes without approval by a percentage of voters equaling the percentage passing the proposed initiative measure; and (2) it fails to mention that recent new and increased taxes and fees must be repealed and refunded to the voters, unless such taxes and fees are approved by the voters in a new vote by the same majority passing the proposed initiative measure. We disagree with petitioners' first argument. It is accurate to state that the proposed initiative measure requires voter approval of taxes and fees, and the Attorney General's certified summary is adequate in that regard.

■ Petitioners' second argument, however, is well taken. The proposed initiative measure may require both repeal *and* refund of recent new or increased taxes and fees. The Attorney General's summary does not mention "refunds." The potential for refunds is a significant effect of the proposed initiative measure. Therefore, the Attorney General's summary fails to comply substantially with the requirement of ORS 250.035(2)(d), but only if it is possible to mention refunds within the 85-word limitation imposed upon summaries. The following summary cures the inadequacy of the Attorney General's summary:

SUMMARY: Amends Constitution. Currently voters approve taxes by majority vote; not all new, increased taxes, fees require voter approval. Measure requires voter approval after November 7, 2000 of most new, increased taxes, fees by same percentage of voters passing this measure. Requires repeal and refund of certain recent tax, fee increases unless voters approve increase. Exempts some charges, bonded indebtedness, public safety levies from

new approval requirement. Public vote not required in limited circumstances. Establishes standards for taxpayer challenge, judicial review of tax measures. Other changes.

We certify the following ballot title for the proposed measure to the Secretary of State pursuant to ORS 250.085(5):

AMENDS CONSTITUTION:
VOTERS MUST APPROVE MOST TAXES, FEES;
REQUIRES CERTAIN APPROVAL PERCENTAGE

RESULT OF "YES" VOTE: "Yes" vote means voters approve taxes, fees by certain approval percentage; may repeal recent increases.

RESULT OF "NO" VOTE: "No" vote retains current rules for approving, increasing taxes, fees; maintains previously approved taxes, fees.

SUMMARY: Amends Constitution. Currently voters approve taxes by majority vote; not all new, increased taxes, fees require voter approval. Measure requires voter approval after November 7, 2000 of most new, increased taxes, fees by same percentage of voters passing this measure. Requires repeal and refund of certain recent tax, fee increases unless voters approve increase. Exempts some charges, bonded indebtedness, public safety levies from new approval requirement. Public vote not required in limited circumstances. Establishes standards for taxpayer challenge, judicial review of tax measures. Other changes.

Ballot certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).