On petition to review ballot title filed April 22, 2008, considered and under advisement May 21, ballot title referred to Attorney General for modification June 27, dismissed as moot July 23, 2008 (345 Or 160)

Jeana FRAZZINI,
Frank Dixon, Jann Carson
and Andrea Meyer,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S055927)

189 P3d 1277

Margaret S. Olney, of Smith, Diamond & Olney, Portland, filed the petition for review for petitioners.

Douglas F. Zier, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

GILLETTE, J.

**GILLETTE, J.**

This ballot title review proceeding brought under ORS 250.085(2) concerns the ballot title certified by the Attorney General for an initiative petition that the Secretary of State has denominated as Initiative Petition 144 (2008). Initiative Petition 144, if adopted, would repeal Oregon Laws 2007, chapter 99 (the "Oregon Family Fairness Act"), amend various statutes to conform to that repeal and, in section 8 of the proposed measure, place the following statement in the Oregon Revised Statutes:

> "Same-sex domestic partnerships, relationships, and civil unions shall not grant individuals the privileges, immunities, rights, and benefits granted by law through marriage to individuals whether the same-sex domestic partnership, relationship, or civil union was entered into before, on, or after the date of this Act."[1]

The Attorney General prepared a draft ballot title to be circulated with the proposed measure. Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review in this court of the resulting certified ballot title. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(a) to (d). *See* ORS 250.085(5) (stating that standard). As we shall explain, we conclude that certain of petitioners' challenges are well taken, and we therefore refer the certified ballot title to the Attorney General for modification. *See* ORS 250.085(8) (authorizing that disposition).

The proposed measure is intended to repeal virtually all of the substantive provisions of the Oregon Family Fairness Act. Our discussion of the proposed measure will be aided by a general description of the act that the proponents of the proposed measure propose to nullify, so we begin with that description. The Oregon Family Fairness Act (the 2007 act) was enacted by the 2007 Legislative Assembly to deal

---

[1] The full text of the proposed measure is attached as an Appendix to this opinion.

with what that body perceived as an inappropriate difference in the treatment of committed same-sex and opposite-sex couples under Oregon law.[2] Specifically, subsections (5) and (6) of section 2 of the act explain:

> "(5) Sections 1 to 9 of this 2007 Act are intended to better align Oregon law with the values embodied in the Constitution and public policy of this state, and to further the state's interest in the promotion of stable and lasting families, by extending benefits, protections and responsibilities to committed same-sex partners and their children that are comparable to those provided to married individuals and their children by the laws of this state.
>
> "(6) The establishment of a domestic partnership system will provide legal recognition to same-sex relationships, thereby ensuring more equal treatment of gays and lesbians and their families under Oregon law."

Or Laws 2007, ch 99, § 2(5), (6).

The 2007 act then provides, in a series of substantive sections, for the creation and recognition by the state of same-sex "domestic partnerships," which are civil contracts entered into between two same-sex persons who are at least 18 years of age and who meet certain other eligibility criteria (section 3); prohibits such partnerships under certain circumstances (section 4); directs a state agency to create documents recognizing such partnerships (section 5); describes how such partnerships could be entered into (section 6); sets fees for issuance of certificates of registered domestic partnerships (section 7); provides for name changes by parties to the partnership, if desired (section 8); conforms as nearly as possible the "privilege[s], immunit[ies], right[s] or benefit[s]" of domestic partners to those granted by statute, rule, or the common law to married or formerly married opposite-sex partners (section 9); and conforms Oregon income tax law in the same way (section 11). In eight further sections (sections 12 through 19), the act also amends certain scattered Oregon Revised Statutes in an attempt to conform them to the policies underpinning the 2007 act.

---

[2] The measure was signed by the Governor on May 9, 2007, and became law on January 1, 2008.

The proposed measure, Initiative Petition 144 (2008), begins, in Section 1, with the declaration that "Chapter 99, Oregon Laws, 2007, Sections 1 to 9 are [*sic*] repealed." Thereafter, the proposed measure manifests certain oddities. Section 2 of the proposed measure is illustrative. Section 2 is formatted in standard partial repeal format, *i.e.*, it purports to quote the statutory section to which it is intended to apply and identifies the wording to be removed from that subsection by italicizing that wording and putting it in brackets. The section states:

> "SECTION 2. ORS 107.615(1) is amended to read:
> 107.615. (1) The governing body of any county may impose a fee up to $10 above that prescribed in ORS 205.320(5) for [*issuing*] a marriage license [*or registering a Declaration of Civil Union*]."

Correctly formatted, the italicized words should mirror those added by the 2007 act. However, they do not. The 2007 act nowhere refers to something termed a "Declaration of Civil Union." As already noted, the 2007 act instead uses another phrase, "Declaration of Domestic Partnership," throughout.[3] Interestingly, that same, unexplained misquotation appears in sections 3 through 7 of the proposed measure.

A separate oddity in the proposed measure is that the sections of the measure that appear to be intended to reverse the amendments to specific statutes made by the 2007 act do not speak to all of those amendments. The 2007 act amended eight statutes, but the proposed measure would repeal (at least in part)[4] the amendments to only six of those eight. [5] That lack of parallelism may or may not prove to be important if the measure is submitted to and approved by the

---

[3] The 2007 act amended more of ORS 107.615 than just subsection (1). It also added to subsection (2) the phrase "conciliation and mediation" twice. That change to subsection (2) appears to have been purely an editorial clarification, however, and the sponsors of the proposed measure do not appear to wish to remove that clarification.

[4] Section 6 of the proposed measure purports to amend subsection (7) of ORS 432.235 in a manner consistent with the other amendments, but it omits any mention of subsection (8) of that statute, which also refers to the concept of "domestic partnership."

[5] The proposed measure makes no mention of either ORS 432.005 (amended by section 16 of the 2007 act) or ORS 432.408 (amended by section 19 of the 2007 act).

people; certainly, it is (at this stage, at least) unexplained. Finally, the last substantive section of the proposed measure, section 8,[6] contains the previously quoted statement asserting that "domestic partnerships, relationships, and civil unions" shall not have the effect of granting to their participants "the privileges, immunities, rights, and benefits granted by law through marriage to individuals." With this background in mind, we turn to the parties' arguments concerning the Attorney General's certified ballot title for the proposed measure.

The Attorney General certified the following ballot title for Initiative Petition 144 (2008):

"RETROACTIVELY REPEALS LAWS GRANTING STATE PRIVILEGES, IMMUNITIES, RIGHTS, BENEFITS, RESPONSIBILITIES OF MARRIAGE TO DOMESTIC PARTNERS

"RESULT OF 'YES' VOTE: 'Yes' vote repeals certain domestic partnership laws; provides that domestic partnerships shall not grant privileges, immunities, rights, benefits, responsibilities granted, imposed through marriage; applies retroactively.

"RESULT OF 'NO' VOTE: 'No' vote retains domestic partnership law that grants or imposes state privileges, immunities, rights, benefits, and responsibilities of marriage to persons registered in domestic partnerships.

"SUMMARY: Oregon constitution confers legal recognition of marriage only when entered into by a man and woman; state statute allows individuals of the same sex (subject to specified age, residency, and other qualifications) to file a Declaration of Domestic Partnership for registration by county clerk conferring on each partner any privilege, immunity, right, benefit, and responsibility granted or imposed by state law through marriage. Domestic partnership law applies only within Oregon and does not change or confer rights under federal law. Measure repeals certain domestic partnership statutory provisions. Provides that domestic partnerships entered on or after effective date of measure shall not grant the privileges, immunities, rights, benefits, or responsibilities granted to individuals

---

[6] The proposed measure contains a final section, section 9, which is a savings clause.

through marriage; applies retroactively to domestic partnerships registered under current law. Other provisions."

Petitioners challenge the sufficiency of each of the four parts of the certified ballot title.

■ ORS 250.035(2)(a) requires that the Attorney General's certified ballot title contain "[a] caption of not more than 15 words that reasonably identifies the subject matter of the state measure."[7] The caption, which is the first information that most potential petition signers and voters will see, is pivotal. It must "inform potential petition signers and voters of the sweep of the measure." *Terhune v. Myers*, 342 Or 475, 479, 154 P3d 1284 (2007). A caption should not "understate or overstate the scope of the legal changes that the proposed measure would enact." *Kain / Waller v. Myers*, 337 Or 36, 40, 93 P3d 62 (2004). If a proposed measure has more than one subject, each should be identified in the caption if it is possible to do so within the 15-word limit. *Novick / Sager v. Myers*, 329 Or 11, 16, 986 P2d 1 (1999).

As noted, the Attorney General certified a ballot title that contained this caption:

"RETROACTIVELY REPEALS LAWS GRANTING STATE PRIVILEGES, IMMUNITIES, RIGHTS, BENEFITS, RESPONSIBILITIES OF MARRIAGE TO DOMESTIC PARTNERS"

Petitioners assert that the foregoing caption is insufficient in two respects. First, they argue, the caption fails to mention the content of section 8 of the proposed measure, which, if enacted, would constitute an affirmative legislative declaration that "[s]ame-sex domestic partnerships, relationships, and civil unions *shall not grant* the privileges, immunities, rights, and benefits granted by law through marriage to individuals." (Emphasis added.) Second, petitioners assert that the caption also is deficient in failing to point out that the proposed measure's sweep would apply to local laws as well as to statewide ones.

---

[7] The 15-word limitation applies when, as here, the proposed measure would create a statute. In the event that a proposed measure is intended to amend the Oregon Constitution, the caption may be expanded to 17 words by adding the words, "AMENDS CONSTITUTION." ORS 250.035(2)(a).

■ We discuss the foregoing arguments in reverse order. We disagree with petitioners' second argument for two reasons. First, we question petitioners' premise that the proposed measure would apply to local laws. The 2007 act makes no mention of local governments, save for reference to county clerks. Without some intervening judicial construction of the 2007 act that validated petitioners' assumption, it would be inappropriate for us to require the Attorney General to proceed on petitioners' premise.

However, even if petitioners' premise were considered valid, we would disagree with their argument that an adequate caption must mention the proposed measure's application to local laws, because we are not persuaded that a prospective petition signer or voter would think anything *other* than that the measure would apply to all laws, state and local. Certainly, that perception is accurate if petitioners' first argument—that the caption should mention the proposed measure's affirmative prohibition on granting individuals the benefits and responsibilities of a marital relationship if they are same-sex domestic partners—is well taken.

■ And it *is* well taken. Petitioners are correct that the first seven sections of the proposed measure are focused on repeal of an affirmative policy choice made by the 2007 Legislative Assembly, but that the eighth section is a separate, substantive provision that is focused on something different, *viz.*, placing in Oregon statutory law a ban on granting to same-sex domestic partners any of the benefits or responsibilities associated with marriage. The proposed measure thus has two subjects that are closely related, but are stated in such a way that any potential petition signer or voter should be told about both of them if it is possible to do so. We believe that it is possible. The Attorney General's caption therefore does not comply substantially with the requirements of ORS 250.035(2)(a), and the ballot title must be referred to the Attorney General for modification.

■ Petitioners next challenge is to the Attorney General's "yes" vote result statement. That statement provides:

> "RESULT OF 'YES' VOTE: 'Yes' vote repeals certain domestic partnership laws; provides that domestic partnerships shall not grant privileges, immunities, rights, benefits, responsibilities granted, imposed through marriage; applies retroactively."

ORS 250.035(2)(b) directs that a ballot title contain a "simple and understandable statement of not more than 25 words that describes the result if the state measure is approved."

Petitioners assert that the Attorney General's "yes" vote result statement also is insufficient, because it "does not make clear that the proposal affects state and local laws." We rejected that argument with respect to the caption, and we do so again here. We hold that the Attorney General's "yes" vote result statement substantially complies with the requirements of ORS 250.035(2)(b).

Petitioners next challenge the Attorney General's "no" vote result statement, which, under ORS 250.035(2)(c), must be a "simple and understandable statement of not more than 25 words that describes the result if the state measure is rejected." The Attorney General's statement provides:

> "RESULT OF 'NO' VOTE: 'No' vote retains domestic partnership law that grants or imposes state privileges, immunities, rights, benefits, and responsibilities of marriage to persons registered in domestic partnerships."

Petitioners assert that the Attorney General's "no" vote result statement is insufficient, "because it fails to alert voters to the fact that current law allows both state and local laws that recognize domestic partnerships. It also obscures the fact that those laws grant *individuals* certain rights." (Emphasis in original.)

At least a part of that argument rests on the same premise about the proposed measure's application to local law as petitioners' arguments concerning the caption and "yes" vote result statement, and we again reject it. With respect to the emphasis that petitioners believe should be placed on "individual" rights, we think that that idea, while it could be stated differently, is sufficiently embedded in the Attorney General's description in the "no" vote result statement of the 2007 act as being one that "grants or imposes

state privileges, immunities, rights, benefits, and responsibilities of marriage to *persons*." (Emphasis added.) We therefore hold that the Attorney General's "no" vote result statement substantially complies with the requirement of ORS 250.035(2)(c).

■ Finally, petitioners assert that the Attorney General's summary does not substantially comply with the requirement of ORS 250.035(2)(d) that it summarize the proposed measure and its major effects in a "concise and impartial" manner. The Attorney General's summary states:

> "SUMMARY: Oregon constitution confers legal recognition of marriage only when entered into by a man and woman; state statute allows individuals of the same sex (subject to specified age, residency, and other qualifications) to file a Declaration of Domestic Partnership for registration by county clerk conferring on each partner any privilege, immunity, right, benefit, and responsibility granted or imposed by state law through marriage. Domestic partnership law applies only within Oregon and does not change or confer rights under federal law. Measure repeals certain domestic partnership statutory provisions. Provides that domestic partnerships entered on or after effective date of measure shall not grant the privileges, immunities, rights, benefits, or responsibilities granted to individuals through marriage; applies retroactively to domestic partnerships registered under current law. Other provisions."

Petitioners assert that the Attorney General's summary is legally deficient in three ways. Petitioners first argue that the Attorney General's summary "does not adequately describe the domestic partnership law currently being repealed." The shortcoming that petitioners identify is the Attorney General's failure to explain in the summary that the 2007 act created the concept of domestic partnership as a species of "civil contract." We are not persuaded. Although the Attorney General could have chosen the course that petitioners advocate, it appears to us that the information that the Attorney General chose instead to place in the summary also was important, and we cannot say that the choice that the Attorney General made rendered the summary legally insufficient.

Petitioners next argue that "the summary should make clear that, under current law, local entities may recognize domestic partnerships, and that the initiative would prohibit such laws." For the reasons expressed elsewhere in this opinion, we remain unpersuaded with respect to that concern.

Finally, petitioners argue that the summary must describe what they deem to be a "major effect" of the proposed measure, namely, the fact that it will "retroactively deprive couples who have registered under current law of all rights and responsibilities those laws confer." In our view, however, the summary does precisely what petitioners ask when it states that the "[m]easure * * * applies retroactively to domestic partnerships registered under current law." This argument is not well taken. We hold that the Attorney General's summary substantially complies with the requirements of ORS 250.035(2)(d).

In summary, we hold that the caption of the Attorney General's certified ballot title for Initiative Petition 144 (2008) does not substantially comply with the requirements of ORS 250.035(2)(a).

Ballot title referred to the Attorney General for modification.

APPENDIX

AN ACT BEFORE THE PEOPLE OF OREGON

HOUSE BILL 2007 ENACTED BY THE OREGON LEGISLATIVE SESSION, AS CHAPTER 99 OREGON LAWS 2007, IS HEREBY REPEALED, AND AMENDS ORS 107.615, ORS 192.842, ORS 205.320, ORS 409.300, ORS 432.235, AND ORS 432.405.

SUMMARY

Repeals provisions of Chapter 99, Oregon Laws, 2007.

Provides that same-sex relationships, civil unions or domestic partnerships do not grant to an individual the privileges, immunities, rights, and benefits granted by law through marriage to individuals. Further provides that any responsibility imposed by law on individual who is or was married is not imposed on individual who is or was in civil union.

Applies to same-sex domestic partnerships whether entered into before, on, or after effect date of Act.

Effective on passage.

**A BILL FOR AN ACT**

Relating to same-sex relationships; Repealing provisions of Chapter 99, Oregon Laws, 2007.

**Be it Enacted by the People of the State of Oregon:**

**SECTION 1.** Chapter 99, Oregon Laws, 2007, Sections 1 to 9 are repealed.

**SECTION 2.** ORS 107.615(1) is amended to read:
107.615. (1) The governing body of any county may impose a fee up to $10 above that prescribed in ORS 205.320(5) for [*issuing*] a marriage license [*or registering a Declaration of Civil Union*].

**SECTION 3.** ORS 192.842(4) is amended to read:
192.842. (4) A county clerk shall accept the substitute address of the program participant as the address of the

applicant for the purpose of issuing a marriage license under ORS 106.041 [*or registering a Declaration of Civil Union under section 6 of this 2007 Act*].

**SECTION 4.** ORS 205.320(5) is amended to read:
205.320. In every county there shall be charged and collected in advance by the county clerk, for the benefit of the county, the following fees, and no more, for the following purposes and services:

(5) For taking an affidavit for and making and issuing a marriage license and registering the return of the license, [*or for taking an affidavit for and registering a Declaration of Civil Union,*] $25.

**SECTION 5.** ORS 409.300(2) is amended to read:
409.300. (2) All moneys received by the Director of Human Services under ORS 106.045(2) [*or section 7 of this 2007 Act*] and any other funds allocated for expenditure under ORS 409.292 shall be credited to the Domestic Violence Fund.

**SECTION 6.** ORS 432.235(7) is amended to read:
432.235. (7) When an amendment is made to a certificate [*of*] **for a** marriage [*or to a Declaration of Civil Union*] by the local official issuing the marriage license [*or registering the declaration*], copies of the amendment shall be forwarded to the state registrar.

**SECTION 7.** ORS 432.405 is amended to read:
432.405. (1) A record of each marriage performed [*and civil union registered*] in this state shall be filed with the Center for Health Statistics and shall be registered if it has been completed and filed in accordance with this section and rules adopted by the State Registrar of the Center for health Statistics.

(2) The county clerk or county official who issues the marriage license [*or registers the Declaration of Civil Union*] shall prepare the record in the form prescribed or furnished by the state registrar upon the basis of information obtained from the parties [*to be married*].

(3) Each person who performs a marriage ceremony shall certify the fact of marriage and return the record to the official who issued the license within 10 days after the ceremony.

(4) Every official issuing marriage licenses [or *registering Declaration of Civil Union*] shall complete and forward to the Center for Health Statistics on or before the 10th day of each calendar month the records of marriages returned to such official during the preceding calendar month [*and the records of Declaration of Civil Union registered during the preceding calendar month*].

(5) A marriage [*or civil union*] record not filed within the time prescribed by this section may be registered in accordance with rules adopted by the state registrar.

**SECTION 8.** Same-sex domestic partnerships, relationships, and civil unions shall not grant individuals the privileges, immunities, rights, and benefits granted by law through marriage to individuals whether the same-sex domestic partnership, relationship, or civil union was entered into before, on, or after the date of this Act.

**SECTION 9.** If any provision of this act, or the application of that provision to any person or circumstance, is declared invalid by a court of competent jurisdiction, the remainder of this act, or the application of that provision to any persons or circumstances other than those as to which it is held invalid, is not affected thereby.