FILED: June 27, 2008

IN THE SUPREME COURT OF THE STATE OF OREGON

JEANA FRAZZINI,
FRANK DIXON, JANN CARSON
and ANDREA MEYER,

Petitioners,

v.

HARDY MYERS,
Attorney General,
State of Oregon,

Respondent.

(SC S055927)

En Banc

On petition to
review ballot title filed April 22, 2008, considered and under advisement on
May 21, 2008.

Margaret S.
Olney, of Smith, Diamond & Olney, Portland, filed the petition for review
for petitioners.

Douglas F. Zier,
Assistant Attorney General, Salem, filed the answering memorandum for
respondent.  With him on the memorandum were Hardy Myers, Attorney General, and
Mary H. Williams, Solicitor General.

GILLETTE, J.

Ballot title
referred to the Attorney General for modification.

GILLETTE, J.

This ballot title review proceeding brought
under ORS 250.085(2) concerns the ballot title certified by the Attorney
General for an initiative petition that the Secretary of State has denominated
as Initiative Petition 144 (2008).  Initiative Petition 144, if adopted, would
repeal Oregon Laws 2007, chapter 99 (the ''Oregon Family Fairness Act''),
amend various statutes to conform to that repeal and, in section 8 of the
proposed measure, place the following statement in the Oregon Revised Statutes:

''Same-sex domestic partnerships,
relationships, and civil unions shall not grant individuals the privileges,
immunities, rights, and benefits granted by law through marriage to individuals
whether the same-sex domestic partnership, relationship, or civil union was
entered into before, on, or after the date of this Act.'' (1)

The Attorney General prepared a draft
ballot title to be circulated with the proposed measure.  Petitioners are
electors who timely submitted written comments to the Secretary of State
concerning the content of the Attorney General's draft ballot title and who
therefore are entitled to seek review in this court of the resulting certified
ballot title.  See ORS 250.085(2) (stating that requirement).  We review
the Attorney General's certified ballot title to determine whether it
substantially complies with the requirements of ORS 250.035(a) to (d).  See
ORS 250.085(5) (stating that standard).  As we shall explain, we conclude that
certain of petitioners' challenges are well taken, and we therefore refer the
certified ballot title to the Attorney General for modification.  See
250.085(8) (authorizing that disposition).

The proposed measure is intended to
repeal virtually all of the substantive provisions of the Oregon Family
Fairness Act.  Our discussion of the proposed measure will be aided by a
general description of the act that the proponents of the proposed measure propose
to nullify, so we begin with that description.  The Oregon Family Fairness Act
(the 2007 act) was enacted by the 2007 Legislative Assembly to deal with what that
body perceived as an inappropriate difference in the treatment of committed
same-sex and opposite-sex couples under Oregon law. (2) 
Specifically, subsections (5) and (6) of section 2 of the act explain:

''(5) Sections 1 to 9 of this 2007 Act are
intended to better align Oregon law with the values embodied in the
Constitution and public policy of this state, and to further the state's
interest in the promotion of stable and lasting families, by extending
benefits, protections and responsibilities to committed same-sex partners and
their children that are comparable to those provided to married individuals and
their children by the laws of this state.

''(6) The establishment of a domestic
partnership system will provide legal recognition to same-sex relationships,
thereby ensuring more equal treatment of gays and lesbians and their families
under Oregon law.''

Or Laws 2007, ch 99, § 2(5), (6).

The 2007 act then provides, in a
series of substantive sections, for the creation and recognition by the state
of same-sex ''domestic partnerships,'' which are civil contracts
entered into between two same-sex persons who are at least 18 years of age and
who meet certain other eligibility criteria (section 3); prohibits such
partnerships under certain circumstances (section 4); directs a state agency to
create documents recognizing such partnerships (section 5); describes how such
partnerships could be entered into (section 6); sets fees for issuance of
certificates of registered domestic partnerships (section 7); provides for name
changes by parties to the partnership, if desired (section 8); conforms as
nearly as possible the ''privilege[s], immunit[ies], right[s] or
benefit[s]'' of domestic partners to those granted by statute, rule, or the
common law to married or formerly married opposite-sex partners (section 9);
and conforms Oregon income tax in the same way (section 11).  In eight further
sections (sections 12 through 19), the act also amends certain scattered Oregon
Revised Statutes in an attempt to conform them to the policies underpinning the
2007 act.

The proposed measure, Initiative
Petition 144 (2008), begins, in Section 1, with the declaration that
''Chapter 99, Oregon Laws, 2007, Sections 1 to 9 are [sic] repealed.'' 
Thereafter, the proposed measure manifests certain oddities.  Section 2 of the
proposed measure is illustrative.  Section 2 is formatted in standard partial
repeal format, i.e., it purports to quote the statutory section to which
it is intended to apply and identifies the wording to be removed from that
subsection by italicizing that wording and putting it in brackets.  The section
states:

''SECTION
2. ORS 107.615(1) is amended to read:
107.615. (1)
The governing body of any county may impose a fee up to $10 above that
prescribed in ORS 205.320(5) for [issuing] a marriage license [or
registering a Declaration of Civil Union].''

Correctly formatted, the italicized
words should mirror those added by the 2007 act.  However, they do not.  The
2007 act nowhere refers to something termed a ''Declaration of Civil
Union.''  As already noted, the 2007 act instead uses another phrase,
''Declaration of Domestic Partnership,'' throughout. (3) 
Interestingly, that same, unexplained misquotation appears in sections 3
through 7 of the proposed measure.        

A separate oddity in the proposed
measure is that the sections of the measure that appear to be intended to
reverse the amendments to specific statutes made by the 2007 act do not speak
to all of those amendments.  The 2007 act amended eight statutes, but the proposed
measure would repeal (at least in part) (4)
the amendments to only six of those eight. (5) 
That lack of parallelism may or may not prove to be important if the measure is
submitted to and approved by the people; certainly, it is (at this stage, at
least) unexplained.  Finally, the last substantive section of the proposed
measure, section 8, (6)
contains the previously-quoted statement asserting that ''domestic
partnerships, relationships, and civil unions'' shall not have the effect
of granting to their participants ''the privileges, immunities, rights, and
benefits granted by law through marriage to individuals.''  With this
background in mind, we turn to the parties' arguments concerning the Attorney
General's certified ballot title for the proposed measure.

The Attorney General certified the
following ballot title for Initiative Petition 144 (2008):

''RETROACTIVELY REPEALS LAWS GRANTING STATE
PRIVILEGES, IMMUNITIES, RIGHTS, BENEFITS, RESPONSIBILITIES
OF MARRIAGE TO DOMESTIC PARTNERS

"RESULT OF 'YES' VOTE: 'Yes'
vote repeals certain domestic partnership laws; provides that domestic
partnerships shall not grant privileges, immunities, rights, benefits, responsibilities
granted, imposed through marriage; applies retroactively.

''RESULT OF 'NO' VOTE: 'No' vote retains
domestic partnership law that grants or imposes state privileges, immunities,
rights, benefits, and responsibilities of marriage to persons registered in
domestic partnerships.

''SUMMARY: Oregon constitution confers legal
recognition of marriage only when entered into by a man and woman; state
statute allows individuals of the same sex (subject to specified age,
residency, and other qualifications) to file a Declaration of Domestic
Partnership for registration by county clerk conferring on each partner any
privilege, immunity, right, benefit, and responsibility granted or imposed by
state law through marriage.  Domestic partnership law applies only within
Oregon and does not change or confer rights under federal law.  Measure repeals
certain domestic partnership statutory provisions.  Provides that domestic
partnerships entered on or after effective date of measure shall not grant the
privileges, immunities, rights, benefits, or responsibilities granted to
individuals through marriage; applies retroactively to domestic partnerships
registered under current law.  Other provisions.''

Petitioners challenge the sufficiency of each of the four
parts of the certified ballot title.

ORS 250.035(2)(a) requires that the
Attorney General's certified ballot title contain ''[a] caption of not more
than 15 words that reasonably identifies the subject matter of the state
measure.'' (7) 
The caption, which is the first information that most potential petition
signers and voters will see, is pivotal.  It must ''inform potential
petition signers and voters of the sweep of the measure.''  
Terhune v. Myers, 342 Or 475, 479, 154 P3d 1284 (2007).  A caption should not
''understate or overstate the scope of the legal changes that the proposed
measure would enact.''  Kain/Waller v. Myers, 337 Or 36, 40, 93 P3d
62 (2004).  If a proposed measure has more than one subject, each should be
identified in the caption if it is possible to do so within the 15-word limit. 
Novick/Sager v. Myers, 329 Or 11, 16, 986 P2d 1 (1999).

As noted, the Attorney General
certified a ballot title that contained this caption:

''RETROACTIVELY REPEALS LAWS GRANTING STATE
PRIVILEGES, IMMUNITIES, RIGHTS, BENEFITS, RESPONSIBILITIES
OF MARRIAGE TO DOMESTIC PARTNERS''

Petitioners assert that the foregoing caption is insufficient
in two respects.  First, they argue, the caption fails to mention the content
of section 8 of the proposed measure which, if enacted, would constitute an
affirmative legislative declaration that ''[s]ame-sex domestic
partnerships, relationships, and civil unions shall not grant the
privileges, immunities, rights, and benefits granted by law through marriage to
individuals.''  (Emphasis added.)  Second, petitioners assert that the
caption also is deficient in failing to point out that the proposed measure's
sweep would apply to local laws as well as to state-wide ones.

We discuss the foregoing arguments in
reverse order.  We disagree with petitioners' second argument for two reasons. 
First, we question petitioners' premise that the proposed measure would apply
to local laws.  The 2007 act makes no mention of local governments, save for
reference to county clerks.  Without some intervening judicial construction of
the 2007 act that validated petitioners' assumption, it would be inappropriate
for us to require the Attorney General to proceed on petitioners' premise.  

However, even if petitioners' premise
were considered valid, we would disagree with their argument that an adequate
caption must mention the proposed measure's application to local laws, because
we are not persuaded that a prospective petition signer or voter would think
anything other than that the measure would apply to all laws, state and
local.  Certainly, that perception is accurate if petitioners' first argument
-- that the caption should mention the proposed measure's affirmative prohibition
on granting individuals the benefits and responsibilities of a marital
relationship if they are same-sex domestic partners -- is well taken.

And it is well taken. 
Petitioners are correct that the first seven sections of the proposed measure
are focused on repeal of an affirmative policy choice made by the 2007
Legislative Assembly, but that the eighth section is a separate, substantive
provision that is focused on something different, viz., placing in
Oregon statutory law a ban on granting to same-sex domestic partners any of the
benefits or responsibilities associated with marriage.  The proposed measure
thus has two subjects that are closely related, but are stated in such a way
that any potential petition signer or voter should be told about both of them
if it is possible to do so.  We believe that it is possible.  The Attorney
General's caption therefore does not comply substantially with the requirements
of ORS 250.035(2)(a), and the ballot title must be referred to the Attorney
General for modification.

Petitioners next challenge is to the Attorney
General's ''yes'' vote result statement.  That statement provides:

''RESULT OF 'YES' VOTE: 'Yes' vote repeals
certain domestic partnership laws; provides that domestic partnerships shall
not grant privileges, immunities, rights, benefits, responsibilities granted,
imposed through marriage; applies retroactively.''

ORS 250.035(2)(b) directs that a ballot title contain a
''simple and understandable statement of not more than 25 words that
describes the result if the state measure is approved.''  

Petitioners assert that the Attorney
General's ''yes'' vote result statement also is insufficient, because
it ''does not make clear that the proposal affects state and local
laws.''  We rejected that argument with respect to the caption, and we do so
again here.  We hold that the Attorney General's ''yes'' vote result
statement substantially complies with the requirements of ORS 250.035(2)(b).

Petitioners next challenge the
Attorney General's ''no'' vote result statement which, under ORS
250.035(2)(c), must be a ''simple and understandable statement of not more
than 25 words that describes the result if the state measure is rejected.'' 
The Attorney General's statement provides:

''RESULT OF 'NO' VOTE: 'No' vote retains
domestic partnership law that grants or imposes state privileges, immunities,
rights, benefits, and responsibilities of marriage to persons registered in
domestic partnerships.''

Petitioners assert that the Attorney General's ''no''
vote result statement is insufficient, ''because it fails to alert voters
to the fact that current law allows both state and local laws that recognize
domestic  partnerships.  It also obscures the fact that those laws grant individuals
certain rights.''  (Emphasis in original.)  

At least a part of that argument rests
on the same premise about the proposed measure's application to local law as
petitioners' arguments concerning the caption and ''yes'' vote result
statement, and we again reject it.  With respect to the emphasis that
petitioners believe should be placed on ''individual'' rights, we think
that that idea, while it could be stated differently, is sufficiently embedded in
the Attorney General's description in the ''no'' vote result statement of
the 2007 act as being one that ''grants or imposes state privileges,
immunities, rights, benefits, and responsibilities of marriage to persons.'' 
(Emphasis added.)  We therefore hold that the Attorney General's ''no''
vote result statement substantially complies with the requirement of ORS 250.035(2)(c).

Finally, petitioners assert that the
Attorney General's summary does not substantially comply with the requirement
of ORS 250.035(2)(d) that it summarize the proposed measure and its major
effects in a ''concise and impartial'' manner.  The Attorney General's summary
states:

''SUMMARY: Oregon constitution confers legal
recognition of marriage only when entered into by a man and woman; state
statute allows individuals of the same sex (subject to specified age,
residency, and other qualifications) to file a Declaration of Domestic
Partnership for registration by county clerk conferring on each partner any
privilege, immunity, right, benefit, and responsibility granted or imposed by
state law through marriage.  Domestic partnership law applies only within
Oregon and does not change or confer rights under federal law.  Measure repeals
certain domestic partnership statutory provisions.  Provides that domestic
partnerships entered on or after effective date of measure shall not grant the
privileges, immunities, rights, benefits, or responsibilities granted to
individuals through marriage; applies retroactively to domestic partnerships
registered under current law.  Other provisions.''

Petitioners assert that the Attorney
General's summary is legally deficient in three ways.  Petitioners first argue
that the Attorney General's summary ''does not adequately describe the
domestic partnership law currently being repealed.''  The shortcoming that
petitioners identify is the Attorney General's failure to explain in the
summary that the 2007 act created the concept of domestic partnership as a
species of ''civil contract''.  We are not persuaded.  Although the
Attorney General could have chosen the course that petitioners advocate, it
appears to us that the information that the Attorney General chose instead to
place in the summary also was important, and we cannot say that the choice that
the Attorney General made rendered the summary legally insufficient.

Petitioners next argue that ''the
summary should make clear that under current law, local entities may recognize
domestic partnerships, and that the initiative would prohibit such laws.'' 
For the reasons expressed elsewhere in this opinion, we remain unpersuaded with
respect to that concern.

Finally, petitioners argue that the
summary must describe what they deem to be a ''major effect'' of the
proposed measure, namely, the fact that it will ''retroactively deprive
couples who have registered under current law of all rights and responsibilities
those laws confer.''  In our view, however, the summary does precisely what
petitioners ask when it states that the ''[m]easure * * * applies
retroactively to domestic partnerships registered under current law.'' 
This argument is not well taken.  We hold that the Attorney General's summary
substantially complies with the requirements of ORS 250.035(2)(d).

In summary, we hold that the caption
of the Attorney General's certified ballot title for Initiative Petition 144
(2008) does not substantially comply with the requirements of ORS 250.035(2)(a). 

Ballot title referred to the Attorney
General for modification.

APPENDIX

AN ACT BEFORE THE
PEOPLE OF OREGON

HOUSE BILL 2007
ENACTED BY THE OREGON LEGISLATIVE SESSION, AS CHAPTER 99 OREGON LAWS 2007, IS HEREBY
REPEALED, AND AMENDS ORS 107.615, ORS 192.842, ORS 205.320, ORS 409.300, ORS
432.235, AND ORS 432.405.

SUMMARY

Repeals provisions of
Chapter 99, Oregon Laws, 2007.

Provides that same-sex
relationships, civil unions or domestic partnerships do not grant to an
individual the privileges, immunities, rights, and benefits granted by law
through marriage to individuals.  Further provides that any responsibility
imposed by law on individual who is or was married is not imposed on individual
who is or was in civil union.

Applies to same-sex
domestic partnerships whether entered into before, on, or after effect date of
Act.

Effective on passage.

A BILL FOR AN ACT

Relating to
same-sex relationships; Repealing provisions of Chapter 99, Oregon Laws, 2007.

Be it Enacted by the People of the State or Oregon:

SECTION 1. Chapter 99, Oregon Laws, 2007, Sections 1
to 9 are repealed.

SECTION 2. ORS 107.615(1)
is amended to read:
107.615. (1) The governing body of
any county may impose a fee up to $10 above that prescribed in ORS
205.320(5) for [issuing] a marriage license [or registering a
Declaration of Civil Union].

SECTION 3. ORS 192.842(4)
is amended to read:
192.842. (4)
A county clerk shall accept the substitute address of the program participant
as the address of the applicant for the purpose of issuing a marriage license
under ORS 106.041 [or registering a Declaration of Civil Union under section
6 of this 2007 Act].

SECTION 4.  ORS 205.320(5)
is amended to read:
205.320. In every county there
shall be charged and collected in advance by the county clerk, for the benefit
of the county, the following fees, and no more, for the following purposes and
services:

(5) For taking an affidavit for
and making and issuing a marriage license and registering the return of the
license, [or for taking an affidavit for and registering a Declaration of
Civil Union,] $25.

SECTION 5.
ORS 409.300(2) is amended to read:
409.300. (2) All moneys received
by the Director of Human Services under ORS 106.045(2) [or section 7 of this
2007 Act] and any other funds allocated for expenditure under ORS 409.292
shall be credited to the Domestic Violence Fund.

SECTION 6. ORS 432.235(7)
is amended to read:
432.235. (7) When an amendment is
made to a certificate [of] for a marriage [or to a Declaration
of Civil Union] by the local official issuing the marriage license [or
registering the declaration], copies of the amendment shall be forwarded to
the state registrar.

SECTION 7. ORS 432.405 is
amended to read:
432.405. (1) A record of each marriage
performed [and civil union registered] in this state shall be filed with
the Center for Health Statistics and shall be registered if it has been
completed and filed in accordance with this section and rules adopted by the
State Registrar of the Center for health Statistics.

(2) The county clerk or county
official who issues the marriage license [or registers the Declaration of
Civil Union] shall prepare the record in the form prescribed or furnished
by the state registrar upon the basis of information obtained from the parties
[to be married].

(3) Each person who performs a
marriage ceremony shall certify the fact of marriage and return the record to
the official who issued the license within 10 days after the ceremony.

(4)
Every official issuing marriage licenses [or registering Declaration of
Civil Union] shall complete and forward to the Center for Health Statistics
on or before the 10th day of each calendar month the records of
marriages returned to such official during the preceding calendar month [and
the records of Declaration of Civil Union registered during the preceding
calendar month].

(5) A
marriage [or civil union] record not filed within the time prescribed by
this section may be registered in accordance with rules adopted by the state registrar.

SECTION 8. Same-sex domestic
partnerships, relationships, and civil unions shall not grant individuals the
privileges, immunities, rights, and benefits granted by law through marriage to
individuals whether the same-sex domestic partnership, relationship, or civil
union was entered into before, on, or after the date of this Act.

SECTION 9.
If any provision of this act, or the application of that provision to any
person or circumstance, is declared invalid by a court of competent
jurisdiction, the remainder of this act, or the application of that provision
to any persons or circumstances other than those as to which it is held
invalid, is not affected thereby.

1. The full text of the proposed measure is attached as an appendix to
this opinion.

Return to previous location.

2. The measure was signed by the Governor on May 9, 2007, and became law
on January 1, 2008.

Return to previous location.

3. The 2007 act amended more of ORS 107.615 than just subsection (1). 
It also added to subsection (2) the phrase ''conciliation and
mediation'' twice.  That change to subsection (2) appears to have been
purely an editorial clarification, however, and the sponsors of the proposed
measure do not appear to wish to remove that clarification.

Return to previous location.

4. Section 6 of the proposed measure purports to amend subsection (7) of
ORS 432.235 in a manner consistent with the other amendments, but it omits any
mention of subsection (8) of that statute, which also refers to the concept of
''domestic partnership.''

Return to previous location.

5. The proposed measure makes no mention of either ORS 432.005 (amended
by section 16 of the 2007 act) or ORS 432.408 (amended by section 19 of the
2007 act).

Return to previous location.

6. The proposed measure contains a final section, section 9, which is a
savings clause.

Return to previous location.

7. The 15-word limitation applies when, as here, the proposed measure
would create a statute.  In the event that a proposed measure is intended to
amend the Oregon Constitution, the caption may be expanded to 17 words by
adding the words, ''AMENDS CONSTITUTION.''  ORS 250.035(2)(a).

Return to previous location.